Circuit Court for Multnomah County, June Term, 1869.

## BENJAMIN STARK v. CYRUS OLNEY.

Covenant of Warranty.—Ouster.—Notice.— In an action for damages for the breach of a covenant of general warranty, the grantee was ousted in an action of which the warrantor had no notice: *Held*, that it devolved on the plaintiff to prove that he was ousted by paramount title.

Covenant.—Damages.—Where a deed contained two covenants and both were broken: *Held*, that the defendant is entitled to recover on that which will give him the largest amount of damages.

Measure of Damages—In estimating damages upon breach of covenant of warranty, when the title fails as to a part only of premises, interest should be computed upon the relative proportion of the purchase price.

Rate of Interest.—Where the rate of interest had been increased by statute, the rate prescribed by the old law was adopted up to the time of the change, and that of the new law during the time subsequent.

Costs.—The covenantee was not allowed to recover the costs of an action defended by him, subsequent to the eviction.

Consideration.—The consideration expressed in the deed is *prima facie* evidence of the actual price, but the presumption may be rebutted.

This case was tried by the court upon the pleadings and proofs, a jury being waived.

The facts are stated in the opinion filed.

*William Strong*, for the plaintiff.

*Page & Thayer*, for the defendant, present the following points:

1. The plaintiff is bound to prove that the title by which his vendee was evicted was paramount to Olney's.

2. The rate of interest is to be determined by the law in force at the time the contract was made.

3. The defendant is not liable for the expenses or fees of the action between the plaintiff and his vendee; nor does the amount recovered in that action constitute a basis for the estimate of damages in this case.

UPTON, J. This is an action for damages for breach of covenants of seizin and of warranty, in a conveyance of certain lots from the defendant to the plaintiff. After alleging the eviction of the plaintiff's grantee, from one of the lots, the complaint sets up the proceeding in an action brought by the plaintiff's grantee against the plaintiff, for breach of the plaintiff's covenant, wherein the said grantee recovered a judgment against the plaintiff, for $1,447.40 damages and $85.15 costs, and paid an attorney's fee of $75. *The answer* puts in issue the allegations in regard to the amount of damages recoverable in this action; averring, among other things, that the lot in question in this action was sold by the defendant to the plaintiff for $200 and that at the date of the deed it was worth $200, and no more.

The defendant, Olney, conveyed to the plaintiff, Stark, February 8, 1854, four city lots, covenanting that he was well seized, had a right to convey, and also covenanting to warrant and defend Stark and his assigns in the possession. The deed recited that $2,000 was the consideration. Stark's grantee was evicted, by final process, December, 2, 1863.

Stark's grantee recovered from Stark, in an action upon Stark's warranty, $1,447.40 damages, and $85.15 costs. The defendant, Olney, had notice of this last action, but had no notice of the action of ejectment. I think it may be conceded that it devolved on the plaintiff to prove on the trial that the eviction was by paramount title. (*Beddoe* v. *Wadsworth*, 21 Wend. 120; *Kelley* v. *Dutch Church of Schenectady*, 2 Hill, 105.) But I find from the evidence of the defendant that such was the case.

The plaintiff, although not pleading each breach separately, states facts showing a breach of the covenant of seizin, and also a breach of the covenant of warranty. The

former covenant was broken as soon as the covenant was made; that is, February 8, 1854, and a cause of action then accrued to recover the damages, the measure of which would be the purchase money with legal interest (then six per cent.) from that time.

The covenant of warranty was broken at the time of the eviction; that is, December 2, 1863, and that cause of action did not accrue until that time, but in either case the measure of damages is the purchase money and interest from the date of the deed.

The statute of limitation has not been plead, and it would seem that the plaintiff has a right to recover upon the cause of action, which will give him the largest damages, if there is a difference in that respect.

In estimating damages, I think interest should be computed upon the relative proportion of the purchase price, at the rates prescribed by law; namely, at six per cent., from February 8, 1854, up to May 1, 1854, at which time the rate was changed by statute, and from that time at ten per cent., on the principal sum.

The plaintiff claims to recover costs and attorneys fees incurred in the action between the plaintiff and his grantee, instituted by his grantee after eviction. This claim is clearly distinguishable from a claim for expenses incurred in defending against eviction. In the latter case a defense is necessary, either to protect and defend the title, if it be good, or to make record evidence of the fact, if it is bad, and if the covenantor is notified to appear and defend, it seems just and in accordance with precedent, that in case of failure of title, he should be at the expense of the defense.

In the present case, after the invalidity of the title had been established, the plaintiff permitted himself to be sued for money which it was his duty to pay, and which he must pay before he could recover in this action.

It does not appear by the complaint in this case that any defense, in which the present defendant had an interest, was or could have been set up.

The plaintiff may have been compelled to pay a greater

amount than he is entitled to recover here, because of the greater value of the land at the time he covenanted; but to allow him to recover the additional amount in this action, would be a departure from the well settled rule that the amount of damages is the purchase money and interest. (*Staats* v. *Ten Eyck*, 3 Cains, 112, and note.)

The amount expressed in the deed is *prima facia* evidence of the value as determined by the consideration, but it is subject to be rebutted by parol.

The actual price fixed by the parties is to be taken as the value (*ib.*).

The complaint states that the four lots were conveyed "for the consideration of $2,000," and "that the value of said lot one, counting the four lots at $2,000, was $600." The answer says in regard to this, merely: "The consideration for which he conveyed said lot one, was not six hundred dollars, as the plaintiff has alleged, but was two hundred dollars, and no more."

How far it is necessary for a defendant to deny matters of evidence, or conclusions or inferences appearing in the complaint, I will not here say, further than this: The material allegation upon which the plaintiff relies is, that the value of the land was $600. This being met by a direct denial, I think the pleadings authorized the defendant to prove the real consideration. This was shown by the defendant's testimony to be $200 for the lot in question.

The judgment should be for the plaintiff in the sum of $507.73 and costs.