WHITNEY (POTTER v.). See Case No. 11,-341.

## Case No. 17,596.

WHITNEY et al. v. ROLLSTONE MACH. WORKS et al.

[2 Ban. & A. 170; [1] 8 O. G. 908.]

Circuit Court, D. Massachusetts. Oct. 27, 1875.

INFRINGEMENT OF PATENTS—PRELIMINARY INJUNCTION—WHEN GRANTABLE.

1. Where the defendants manufactured under the sanction of a patent of prior date to those held by complainants, which prior patent expired before any proceedings were instituted by the complainants to secure or protect their right, *held*, that a preliminary injunction should not be granted against the defendant, even though the complainants were able to show that the defendants infringed upon their patents, and that the inventions secured to them antedated the patent under which the defendants had been manufacturing.

[Cited in U. S. v. Harris, Case No. 15,315; Washburn & Moen Manuf'g Co. v. Griesche, 16 Fed. 670.]

2. Where the complainants have submitted for so long a space of time to the manufacture and use by the defendants of the infringing machine, without enforcing their rights by proceedings at law or in equity, they have lost the right to invoke the summary process of the court, by an injunction pendente lite, and must await the decree of the court upon the final hearing.

In equity.

Rice & Pratt, for complainants.

D. H. Merriam and T. L. Wakefield, for defendants.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

SHEPLEY, Circuit Judge. Complainants claim under letters patent granted to William D. Sloan, March 31, 1857, No. 16.936. extended for the term of seven years from March 31, 1871, and also under letters patent to Baxter D. Whitney, August 7, 1860, No. 29,534, extended for the term of seven years from August 7, 1874. Defendants are manufacturing automatic lathes for turning and finishing irregular forms like those described in letters patent granted to Cheney Kilburn, dated November 22, 1859, No. 26,192. Complainants having commenced proceedings in equity for an injunction and account now ask for a preliminary injunction.

The patent of Cheney Kilburn has expired by limitation, and has not been extended. It was prior in date to the patent of Baxter D. Whitney, but from the affidavits and other documentary evidence it would appear that application of Whitney and the invention of Whitney each antedated the invention and application of Kilburn. The defendants manufactured machines under the Cheney Kilburn patent, during the term for which the letters patent were granted, and have continued to manufacture the same machine since the patent expired. During the original term of the Kilburn patent no proceedings were instituted by Whitney or his assignees against Kilburn. or the defendants, or any other persons manufacturing, vending, or using the invention described in the specifications of his patent. More than five years since one of the complainants notified a party making use of the Kilburn machine that he should treat it as an infringement of the Whitney patent, and should at some future time endeavor to put a stop to the manufacture. This notice appears to have been communicated to the defendants. They continued the manufacture openly under a claim of rights. and published circulars with an engraved cut of their machine, and a claim that the Kilburn patent antedated the complainants', and have continued, with the knowledge of the complainants, to advertise and manufacture the same machines. No attempts have been made by the complainants to enforce their supposed rights against the defendants until the filing of the bill in this case.

From the evidence to be found in ex parte affidavits, and from a comparison of the two machines, I am satisfied, for the purposes of this hearing, that the Kilburn invention embraces all substantial elements and combinations of the Whitney invention, and that the Whitney invention antedated that of Kilburn; but, upon the state of facts exhibited in the record in this case, after the complainants have submitted for so long a space of time to the manufacture and use of the Kilburn machine without enforcing their rights by proceedings at law or in equity, they have lost the right to invoke the summary process of the court by an injunction pendente lite, but must await the de-

cree of the court upon a final hearing, when the rights of the parties can more accurately be determined, before summarily putting stop to a manufacture, which, commenced under the sanction of letters patent, has so long continued without interruption. The complainants do not show any adjudication sustaining the validity of their patent, nor, as against the Kilburn patent or these defendants, do they prove any such public acquiescence or exclusive possession, or any such diligence on their own part, as would entitle them to invoke the festinum remedium of a preliminary injunction.

Motion for preliminary injunction overruled.