MUNSON (BLACK v.). See Case No. 1,463.

## Case No. 9,934.

MUNSON et al. v. GILBERT & B. MANUF'G CO.

[3 Ban. & A. 595; 18 O. G. 194; Merw. Pat. Inv. 362.] [1]

Circuit Court, D. Massachusetts. Oct. 9, 1878.

PATENTS — ANTICIPATION—TWO PATENTS TAKEN TOGETHER—AIR-BLAST APPARATUS.

1. A claim for: "The application and use of the meter-wheel with its case and contents as an air-blast apparatus, operated by weights or otherwise, not meaning to claim the method of using the meter for measuring gas," construed in connection with the specification, is not for a mere use or result, but for the meter itself.

2. Two prior patents which, taken together, would have made up the invention of the patentee, will not anticipate the patent, where neither of them alone shows the complete invention.

[Cited in Washburn & Moen Manuf'g Co. v. Fuchs, 16 Fed. 669; Washburn & Moen Manuf'g Co. v. Griesche, 16 Fed. 671.]

3. The fourth claim of letters patent No. 12,-535, granted to John C. Pedrick, assignor of Charles Cunningham, March 13, 1855, for benzole vapor apparatus, held valid.

[This was a bill by Norman C. Munson and others against the Gilbert & Barker Manufacturing Company to restrain the infringement of certain letters patent.]

T. L. Livermore and G. W. Morse, for complainants.

William Stanley, for defendant.

LOWELL, District Judge. Patent No. 12,535, dated March 13, 1855, was issued to John C. Pedrick, assignor of the plaintiffs through a chain of title not disputed. The inventor was Charles Cunningham, and we may say here that it is proved to our satisfaction that he made the invention as early as May 7, 1851. In the specification Cunningham begins with the statement that he has invented a new and useful machine or apparatus for driving a current of air through a reservoir containing benzole or other hydrocarbon for the purpose of generating an illuminating gas or vapor therefrom. He then says his invention consists in the use of a common gas-meter wheel, or its equivalent, revolving in water or other liquid, or of other equivalent apparatus, for forcing a current of air through a reservoir containing either of the aforesaid hydrocarbons or admixtures, etc. He then describes the mode of

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 362, contains only a partial report.]

preparing and using the gas-meter by driving it with a weight or spring, and by admitting the air through an opening, A, of the meter-case, and forcing it out of the end thereof by a pipe into a reservoir. He then describes the mode of charging the current with the hydrocarbons and conducting it to the burner.

The first three claims are for combinations or parts of the machine, which are none of them used by the defendants. The fourth claim is for: "The application and use of the meter-wheel with its case and contents as an air-blast apparatus, operated by weights or otherwise, not meaning to claim the method of using the meter for measuring gas."

It is admitted that two persons in this country invented a similar mode of furnishing an air-blast for making illuminating-gas not far from the time of the patent. One of them was refused a patent, and with the other, who had obtained one before Cunningham's application was filed, an interference was declared, in which the patent office decided in favor of Cunningham as, in fact, the first inventor. This is the patent of O. P. Drake. From the evidence in the record we agree with the conclusion reached at that time, and are of opinion that the invention of Cunningham was earlier. Similar remarks will apply to Adams.

Two English patents are produced which, taken together, would have made up, perhaps, the air-blast apparatus of Cunningham. In Lowe's patent he recommends the use of a weight to drive a gas-meter; but his purpose appears to us to have been to increase and regulate the action of the gas-ometer, and not to make an air-blast apparatus. Critchett, on the other hand, admitted air into his apparatus for certain purposes, but did not have an air-pump at all resembling the plaintiffs'.

We think the slight change, obvious perhaps to an inventor, of admitting air into a meter, and using the meter-wheel as an air-pump, although it had before been used with similar machinery to increase the force of the gasometer, was a patentable invention.

The claim itself is attacked as too broad. It is said to claim a mere use or result. The language is not very well chosen, but we think, taking the claim and specification together, it is intended to claim the meter itself as described, and for the purposes set forth, as contradistinguished from an ordinary meter for measuring the flow of gas. Possibly it may have been intended to claim such a meter used as an air-pump in other combinations of machinery, if it should be found useful in any such, and there is nothing in the record to show that such a claim might not be supported. Infringement is clearly proved. The patent having expired, no injunction is asked for. Interlocutory decree for the complainants.

[For another case involving this patent, see Drake v. Cunningham, Case No. 4,060.]