## Case No. 17,716.

### WILLIAMS v. BOSTON & A. R. CO.

[17 Blatchf. 21; 16 O. G. 906; 4 Ban. & A. 441; Merw. Pat. Inv. 468.] [1]

Circuit Court, N. D. New York. Aug. 11, 1879.

PATENTABLE COMBINATIONS—LOCOMOTIVE LAMPS—INFRINGEMENT—ABANDONMENT—PUBLIC USE—LACHES.

1. The decision of this court in Williams v. Rome, W. & O. R. Co. [Case No. 17,735], in regard to the reissued letters patent granted to Irvin A. Williams, December 19th, 1865, for an "improvement in locomotive lamps," cited and applied.

2. Although the subordinate combinations covered by the several claims of the patent will not produce a useful result without the addition of other parts necessary to make a locomotive lamp, they are, nevertheless, sufficient to sustain the patent, because, by their co-operation, they contribute to a new result, and may be used in conjunction with such other parts as are ordinarily employed in locomotive head-lights.

3. All the claims of said patent are valid, except the fifth.

4. The fifth claim is void for want of novelty.

5. The defendant having employed all the parts in combination covered by the claims of the patent, cannot escape liability for infringement, because of the employment of others in addition.

[Cited in Washburn & Moen Manuf'g Co. v. Griesche, 16 Fed. 670.]

6. A defence in a suit in equity, that the patentee has, since he obtained his patent, abandoned or dedicated it to the public use, must be set up in the answer.

7. Mere delay in enforcing equitable rights is not a defence to a suit, except in cases where the statutes of limitation apply, or where the party has slept upon his rights, and acquiesced for such a length of time that his claim has become stale.

[This was a bill in equity by Irvin A. Williams against the Boston & Albany Railroad Company for the infringement of letters patent No. 35,122, granted to I. A. Williams, April 29, 1862, reissued December 19, 1865 (No. 2,133).]

Wetmore & Jenner, for plaintiff.

A. McCallum, for defendant.

WALLACE, District Judge. The case of Williams v. Rome, W. & O. R. Co. [Case No. 17,735], is a controlling authority upon many of the questions now presented. In that case, the validity of the issue of complainant's patent was necessarily determined, as was also the novelty of the several combinations claimed, so far as this was assailed by the patents then introduced as anticipations. Not only did Judge Blatchford sustain as patentable the entire combination which complainant's organized locomotive lamps embraced, but also the sub-combinations covered by the several claims in the patent. In the present case, therefore, it must be held, that, although the subordinate combinations will not produce a useful result without the addition of other parts necessary to make a locomotive lamp, they are, nevertheless, sufficient to sustain the patent, because, by their co-operation, they contribute to a new result, and may be used in conjunction with such other parts as are ordinarily employed in locomotive head-lights. It then becomes necessary to ascertain whether the novelty of any of these combinations is disproved by the patents and devices now relied on as anticipations, which were not introduced in the former case.

To this end, the inquiry is, whether the alleged anticipations contain parts constructed and arranged substantially like those of the complainant, and have the same mode of operation. To illustrate: The first claim is for a combination of the circular, hollow wick-tube, perforated air-screen for the exterior current of air, and cap-deflector, substantially as set forth. This claim does not cover the use of these three devices in combination, irrespective of the manner of construction and arrangement. The correct rule of construction is one which will give the patentee what he has really invented, so far as is consistent with the language of his description and claim, both of which are to be read together; and where, as in this case, all the parts are conceded in the description to be old, and their efficiency is referred to their peculiarity of construction and arrangement, it is this peculiarity which is the essence of the invention.

Applying this rule, it is not contended that the defendant can rely upon any of the alleged anticipations except the English patent of Quincy and Johnson and the lamp of Dyott, because the others plainly fail to present the complainant's combination.

Every claim of the patent except the fifth covers a combination of which the hollow wick-tube and cap-deflector are parts. The fifth claim is for the combination of the hollow wick-tube, lateral oil-reservoir and perforated air-screen for the interior current of air, substantially as set forth. The Quincy and Johnson patent discloses a device called a "blower," interposed between the cap-deflector and hollow wick-tube, which, it would seem, is a necessary feature in their arrangement, as respects each other, and materially affects their mode of operation, and which suffices to distinguish the construction and arrangement of these parts from the complainant's. This patent is, however, in my judgment, an anticipation of the fifth claim of the complainant. The orifices which admit the air for the interior current, together with the interior screen, are equivalents for the complainant's devices, and break up the current of air sufficiently to prevent material flickering of the flame from the pressure of air in the head-light. The differences between the wick-tube and the lateral oil-reservoir of Quincy and Johnson and those of the complainant are not substantial.

The Dyott lamp, assuming it to have been

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. Merw. Pat. Inv. 468, contains only a partial report.]

perfected like the model, does not contain the cap-deflector nor the circular hollow wick-tube of the complainant, nor equivalents therefor, and, therefore, does not anticipate any claim in the patent.

The defendant employs all the parts in combination covered by the claims of the complainant's patent, and cannot escape liability for infringement because it employs others in addition.

The defendant insists that the proofs show, that, since the complainant acquired his patent, he has abandoned or dedicated tue same to the public use. This defence is not set up in the answer, and there is nothing in the record to apprise the complainant that such an issue was to be raised in the case. This alone is sufficient to deprive the defendant of the right to rely upon this defence. It is proper to say, however, that, while the evidence shows such laches on the part of the complainant in enforcing his rights, that, upon a motion for a preliminary injunction, it is very doubtful if he would not be de-defeated, it is not sufficient to establish the defence of abandonment or dedication. Mere delay in enforcing equitable rights is not a defence to an action, except in cases where the statutes of limitation apply, or where the party has slept upon his rights and acquiesced for such a length of time that his claim has become stale. There may be an acquiescence by an owner in the use of his property, under circumstances which amount to an equitable estoppel against the assertion of his right. The case made here is not one for the application of this doctrine. According to the statement of the complainant, he has never permitted it to be doubted that eventually he should enforce his rights under his patent, neither does mere delay or acquiescence establish an abandonment or dedication of the patent. There must be an acquiescence in the appropriation of the right, of such character as reasonably to induce the belief that the owner intended to relinquish it to the public use.

Inasmuch as the complainant's patent has expired since the bill was filed, the decree will be for an accounting only.

[For another case involving this patent, see note to Williams v. Rome, W. & O. R. Co., Case No. 17,735.]