JOHN FISHER REESE et al., Respondents, *v.* JOHN A. RUTHER-
FURD, Appellant.

Interest was allowed upon a balance for moneys loaned, due prior to January
1, 1880, when the act changing the rate of interest went into effect
(Chap. 538, Laws of 1879), at seven per cent, up to that date, and at six
per cent thereafter. *Held* no error ; that on that date plaintiff had a
vested right to so much of the interest as had accrued at the rate fixed by
law prior thereto, of which right the act did not attempt to deprive him,
and could not, had it so attempted.

(Argued October 11, 1882 ; decided October 24, 1882.)

In 1870 and 1871 the plaintiffs were stock brokers in the
city of New York, under the firm name of Reese & Hall, and
the defendant during those years, prior to July 1, 1871, pur-
chased and sold stocks through them as his brokers, and this
action was commenced to recover of the defendant a balance
claimed by the plaintiffs to be due them on account of their
transactions with him. The transactions were entered in the
books of the plaintiffs, and accounts were from time to time
rendered to the defendant, the last being rendered shortly
after the close of the account.

The referee, in computing interest on the balance of the ac-
count due the plaintiffs, allowed interest at the rate of seven
per cent down to the first day of January, 1880, and thereafter
at the rate of six per cent. The claim was made on the part
of appellant that by this mode of computation the referee com-
mitted an error. *Held* untenable.

The court say, " We are of opinion that the mode of compu-
tation was right. By the law as it existed prior to 1880, the

rate of interest to be allowed as damages in such a case was seven per cent, and on the first day of January the plaintiffs had a vested right to so much of the interest as had accrued prior to that date, and of that vested right the law reducing the rate of interest did not attempt to deprive them, and it could not have deprived them of it even if the legislature had attempted so to do, and hence no error was committed."

*George H. Forster* for appellant.

*Hugh L. Cole* for respondent.

EARL, J., reads for affirmance, with costs.
All concur, except RAPALLO, J., absent.
Judgment affirmed.