WASHBURN & MOEN MANUF'G CO. *v.* GRIESCHE.*

SAME *v.* FUCHS.*

*Circuit Court, E. D Missouri.*   June 4, 1883.)

**1. PATENTS—RIGHTS OF ASSIGNEE.**

Where, through several assignments, an individual becomes the owner of a number of distinct patents, his rights are no greater than those of his assignors, respectively.

**2. SAME.**

Where A. and B. each invented and patented a machine for manufacturing wire fencing, the patent in each case being for a combination, and both patents were assigned to C., *held,* that C.'s rights were not infringed by D., who used a machine unlike either A.'s or B.'s, but containing features of both.

Motions for Preliminary Injunction.

These are suits to recover for the alleged infringement of patent No. 253,781, granted to Sidney M. Stevens, February 14, 1882; patents No. 214,706, granted to Noble G. and Thomas D. Ross, April 22, 1879; patent No. 233,116, granted same parties, October 12, 1880; and patent No. 207,710, issued to Jacob Brotherton, September 3, 1878,—all of which are held by plaintiff as assignee. Patents Nos. 253,781 and 214,706 are on machines for manufacturing barbedwire fencing. Patent No. 233,116 is on barbed-wire cables. Patent No. 207,710 is for an improvement in barbed-wire fencing. The complainant asks for injunctions to restrain the defendants from using machines for manufacturing wire fencing containing inventions secured by the Stevens and Ross patents, and from manufacturing or vending barbed-wire fencing containing the improvements covered by the Brotherton patent. The question of the infringement of the latter patent was not argued, however, and is not referred to in the opinion of the court.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

*B. F. Thurston, Thomas H. Dodge, Coburn & Thacher, Offield & Fowle, John C. Dewey,* and *Henry Hitchcock,* for complainants.

*J. M. Holmes, Walker & Walker,* and *Dyer, Lee & Ellis,* for defendants.

Also, *Finkelnburg & Rassieur* and *Dexter Tiffany,* for Griesche.

TREAT, J. As admitted by counsel for plaintiff, no injunction can issue for the manufacture by defendant of machines made for plaintiffs' licensees, (4 Ban. & A. 427; 2 Ban. & A. 170; 4 Ban. & A. 441; 3 Ban. & A. 39;) but it is contended that he has announced his purpose to manufacture and vend generally, and should be restrained from so doing. That contention might not be considered sufficiently established, if the motion was to depend solely on the evidence as to that point. Inasmuch as the case of the same plaintiffs against Fuchs is also before the court, and the two were argued together at great length, it is advisable to look fully into the question of alleged infringement. On this preliminary motion the court does not, as on final hearing, when full proofs are before it, pass definitely upon the validity of plaintiffs' patents, which the defendant expressly assails.

Prior patents have been cursorily examined, merely to ascertain the state of the art, with the view of·learning what plaintiffs' patents cover, and whether defendant infringes.

Each of plaintiffs' patents is for "combinations," and not for a single or specific device. It does not appear distinctly what, if any, new devices were used in the combination; and certainly there is in neither a claim for a new device separate from the combinations. While Ross is silent as to any new devices, Stevens states:

"No claim is made herein to the spooling and twisting apparatus shown and described, nor to the barbed fencing itself, as I reserve the right to protect the same by separate letters patent; but I do claim the new improvements herein described, all and several, in delivering apparatus and barbing mechanism, and in the combination of them with each other, and with the spooling and twisting apparatus; that is to say, I claim: (1) In a machine for making barbed-wire fencing, mechanism constructed to simultaneously feed the main fence-wires and apply the barbs thereon, in *combination* with means for operating said mechanism, substantially as described."

The other claims are also for "combinations," to ascertain the precise nature of which reference must be had to the specifications; for the claim cannot be construed as designed to cover all possible combinations of mechanism of whatever kind, whereby, through operating machinery, fence-wires are simultaneously fed, and barbs fastened thereon. So broad a claim would be void; for prior pat-

ents for the same general purpose were in existence, and such a broad claim, closing the avenues to invention, is not permissible. The combination patents by Stevens and Ross cover, then, only the combinations of devices, whether new or old, described by them; no other or different combinations. Of course, any combination differing only in the substitution of known mechanical equivalents in any part of the combinations, or in merely changing the form of any one or more of the parts in a way not essential to the result, or producing no new and useful result, would be an infringement. 3 Ban. & A. 96.

The doctrine as to combinations is familiar, and need not be repeated. Do defendants use the combinations, or any of them, described in the Ross patents or in the Stevens patent, taking each patent singly, as if it were the only patent existing? When, through several assignments, an individual becomes the owner of several distinct patents, he can have no greater rights than his assignors respectively. He cannot claim that as no one of the assigned patents is specifically infringed, yet, if they are all considered, and some element of one is imparted into another, and thus by patch-work a really new combination, unpatented, can be formed, therefore the defendant, who uses none of those patents, must be held to infringe. To infringe what? No existing patent. To illustrate: If A. has a patent and B. has a patent, and C. infringes neither; and if A. assigns his patent to D., and B. does likewise,—does C., by force of those assignments, become an infringer, when he infringed neither? 3 Fisher, 536; 16 Pet. 336; 15 Wall. 187; 1 Black, 427; Id. 78; 2 Fisher, 89. In these, as in some other cases recently argued, there seemed to be an unexpressed, yet implied, thought that the assignment of different patents to a common assignee gave to the latter greater rights than the respective patents conferred on their patentees; so that the assignee, claiming under both, could, by lapping one over the other, or incorporating parts of one into the other, obtain a right, unpatented, which neither of the assignors could separately maintain. No such doctrine can be accepted. Each patent must rest on its own merits alone. *Munson v. Gilbert & Barker Manuf'g Co.* 3 Ban. & A. 595.

It would be impracticable to place on paper, with no facilities for drawing, even if it were advisable, the detailed and successive elements of the Ross or Stevens combinations, or of defendant's machine. The devices and arrangements in the combination, whether of the Ross or Stevens patent, are not the same as in the defendant's

patent in important particulars, and do not operate in the same mode.

It being admitted and apparent that the feeding mechanism operates in the Ross and Stevens patents *intermittingly*, and in the defendant's constantly, suppose defendant applied for a patent as an improvement on the Ross or Stevens machine, in what would his improvement consist? If he discards the former combination, instead of adding thereto, would not his combination be a new one instead of an improvement on the old ones? If he omits some of the old elements, then his does not infringe; if he uses the same elements in the same combination, he does infringe, although some of his elements differ in form or modes of immediate operation, provided they are known mechanical equivalents. If, on the other hand, he omits some of the devices in the original or patented combination, and substitutes therefor, not a known mechanical equivalent, but an entirely new device, whereby a more beneficial result is effected, his combination is a new one, and not to be excluded from competition with the old.

It appears that defendant's machines follow none of the combinations under which plaintiffs claim. It is very different in many of its devices from those in the Ross patents, and although it apparently approaches nearer in its feeding mechanism to the Stevens patent, yet it changes essentially some of the parts of the Stevens combination, and in so doing practically reverses the operation, and accomplishes what the Stevens machines could not effect so beneficially. If the views here intimated are not to obtain, then the road to all inventions for feeding barb-wires is closed.

These motions were more fully argued than is usual; and it remains merely to state that, as at present advised, no infringement is sufficiently shown. At the final hearing the court may be more fully informed upon the merits of the controversy, and reach a different conclusion from what is now suggested. As the cases now stand, the motions for provisional injunctions are denied.