### Bischoffsheim *v.* Baltzer and others.

*(Circuit Court, S. D. New York.* September 9, 1884.)

PRINCIPAL AND AGENT — INTEREST ON MONEY RETAINED BY AGENT — RATE OF INTEREST — LAW OF PLACE.

> Money, voluntarily left by a principal in the hands of an agent, lies without interest until some request for it or occurrence changes the character of the detention; but when the detention is against right, interest from the time when the money should have been paid to the principal, at the rate fixed by the law of the place where it is detained, is chargeable to the agent.

In Equity.

*Joseph H. Choate,* for orator.

*Chas. M. Da Costa,* for defendants.

WHEELER, J. There having been an order for a decree setting aside the basis of a charge by the defendants to the plaintiff of $63,-125, in an account current, as paid for $100,000 North Carolina state bonds which proved to be void, and for a resettlement of the account, several questions have been made as to carrying out the decision made. *Bischoffsheim* v. *Baltzer,* 20 FED. REP. 890. As this is the only item open, it can be adjusted on its own merits, and the balance due ascertained without reference to a master, so far as appears to be claimed.

*Firstly,* this charge was made following sales of gold made by the defendants for the plaintiff, and the proceeds credited to a larger amount than this charge, so that gold furnished by the plaintiff may be said to, in effect, have paid for the bonds. It is urged, if the ar-

gument is understood, that on setting aside the charge the plaintiff is entitled to what would replace so much of the gold as would balance the charge. There would appear to be much plausibility in this claim if the transaction had been that the defendants swapped the bonds to the plaintiff for the gold. But in fact the plaintiff made no trade with the defendants for the bonds. The defendants charged the plaintiff so much as paid out for the bonds. The plaintiff, supposing that the money was actually so paid, let the charge stand for the amount. The other transactions were separate from this, and would have taken place if this had not. This charge did not increase or diminish the amount of gold bought or sold. It diminished the plaintiff's credit with the defendants exactly as much in money as the amount of the charge. Exactly that amount of money would have made the plaintiff whole in respect to this charge, at that time. The amount is the same now, unless interest is to be added.

The account shows that interest on balances was carefully computed from time to time covering this period. By the making of this charge the plaintiff lost the interest on its amount to the closing of the account. Had the charge not been made, his interest would have been enough more, and the defendants' enough less, to amount to that. So, by understanding and contract, the plaintiff is entitled to interest on the item, or rather on the amount which balanced it, unless there is something in the transaction and what followed to repel such allowance. There is no doubt, probably, but that, as claimed for the defendants, money voluntarily left by a principal in the hands of an agent lies without interest until some request for it, or occurrence, changes the character of the detention. Neither does there appear to be any question but that whenever the detention is against right interest follows. *Stone Cutter Co.* v. *Windsor Manuf'g Co.* 17 Blatchf. 24.

The question here is as to the character of this detention. The void bonds were the defendants' bonds. There was no sale from the defendants to the plaintiff. The plaintiff had the right to treat the transaction as a sale to his firm when he knew what it was, but never has done so. The defendants kept the money themselves, as the price of their bonds, and represented that they paid it to others for the purchase of others' bonds. They had the bonds all the while. They detained the money against the right of the plaintiff all the while, but he did not know it. His right did not accrue with his finding out; he found out a right already accrued. When he found out his right, he might, it is true, have waived it; but his failure to waive it did not create it, but saved it. It appears to have been saved as it was in the beginning, and as it would have been if it had been asserted then,—a right to the money which the charge met, with interest. The money was detained in New York, and the law there as to the rate of interest must govern. *Ekins* v. *East India Co.* 1 P. Wms. 396. This seems to be settled at 7 per cent. while the legal rate

was 7, and at 6 while the legal rate was 6, by the decisions of the highest court of the state. *Reese* v. *Rutherford*, 90 N. Y. 644; *Sanders* v. *L. S. & M. S. Ry. Co.* 94 N. Y. 641; *O'Brien* v. *Young*, 95 N. Y. 428. It is suggested that objections to evidence should be passed upon formally before entry of decree; but there is no motion to suppress testimony, nor any question raised by objection that the decision of would be controlling upon any principal point. There is no occasion to pass upon such questions in detail.

Decree entered accordingly.