The State, Respondent, vs. Guenther and others, Appellants.

*April 16 — May 1, 1894.*

*Interest on moneys unlawfully withheld: Change of statutory rate.*

A state treasurer who failed to pay over moneys of the state to his successor in office is chargeable with interest thereon at the rate in force during the period of default, as varied by legislation.

APPEAL from the Circuit Court for *Dane* County.

The action is against *Richard Guenther*, a former state treasurer, and the sureties upon his official bond, to recover

moneys which he had received, and had not paid over to his successor in office, as interest on state funds loaned by him to various banks. The judgment is against the defendants for the sum of the interest so received by the treasurer, with interest thereon from the first Monday of January, 1878, when his term of office expired, to the 1st day of April, 1893, at the rate of seven per cent. per annum, and from the 1st day of April, 1893, to the date of the entry of judgment, at the rate of· six per cent. per annum. This computation of interest is the error assigned.

The legal rate of interest down to April 1, 1893, was seven per cent. per annum. Then it was changed to six per cent. per annum by statute.

For the appellants there was a brief by *Thompsons, Harshaw & Davidson*, and oral argument by *A. E. Thompson*. They contended that the interest should have been computed at the legal rate on the day that the judgment was pronounced. The rule of damages and the measure thereof can be changed by legislative enactment, and the court can and will apply it in cases where the cause of action arose before the passage of the act. *Brewster v. Carmichael*, 39 Wis. 456. When interest is allowed as damages it is at the statutory rate. There is but one statute fixing the rate in force — all others have been repealed — and the seven per cent. statute, except as to matters past and closed, is as if it never existed. Dwarris, Stat. (1848 ed.), 536; Potter's Dwarris (1871 ed.), 160; *Butler v. Palmer*, 1 Hill, 324. The right to interest accrues when the court has so declared, and should be governed by the statute in force at that time. *Salter v. Utica & B. R. R. Co.* 86 N. Y. 403; *First Nat. Bank v. Fourth Nat. Bank*, 89 id. 416. The successful party must take costs as provided by statutes in force at the time the recovery is had, and why not interest as damages the same? *Hunt v. Middlebrook*, 14 How. Pr. 300;

*Moore v. Westervelt,* id. 279; *Fisher v. Hunter,* 15 id. 156; *Onondaga v. Briggs,* 3 Denio, 173. Other cases bearing on this question seem all to have arisen where there was a contract to pay interest, and where the rate was expressly or impliedly agreed to by the parties.

*The Attorney General,* for the respondent.

NEWMAN, J. On a contract which stipulates for interest, interest at the agreed rate, or, in the absence of an agreed rate, at the rate prescribed by the law at the date of the contract, will be the rate recoverable until the repayment of the principal sum. *Spencer v. Maxfield,* 16 Wis. 178. A change of the legal rate would not affect the rate of interest recoverable upon such a contract.

But where the contract is silent upon the subject of interest, and in many cases of torts, a different rule obtains. There damages, rather than interest, are to be admeasured. In awarding damages the law aims at indemnity. The purpose is to indemnify the plaintiff for the loss which he has suffered by reason of the defendant's failure to pay the money when it became due. The law assumes, for want of a more certain datum, that interest at the legal rate during the period through which the money has been withheld is a fair measure of such loss; for if the money had come to hand it is fair to presume it would have produced that rate. But when a change of the legal rate of interest has been made during the period of the default, it is manifest that neither the rate in force at the time of the happening of the default nor the new rate in force at the time of judgment would be a fair measure for the whole period; but a fairer measure for all cases is the rate in force during the period, as varied by legislation. And this is the rule found to be established by nearly or quite all the decided cases. *Wilson v. Cobb,* 31 N. J. Eq. 91; *Jersey City v. O'Callaghan,* 41 N. J. Law, 349; *Reese v. Rutherfurd,* 90 N. Y. 644;

*Sanders v. L. S. & M. S. R. Co.* 94 N. Y. 641; *O'Brien v. Young*, 95 N. Y. 428; *White v. Lyons*, 42 Cal. 279; *Stark v. Olney*, 3 Oreg. 88.

In *Reese v. Rutherfurd, supra*, it is said, in effect, that the right to recover as damages interest at the rate in force at the time of the default down to the time when the legal rate is changed is in the nature of a vested right, of which the plaintiff cannot be deprived by retroactive legislation. The interest was computed on the correct principle.

*By the Court.*— The judgment of the circuit court is affirmed.

PINNEY, J., took no part.

For the appellants there was a brief by *Thompsons, Harshaw & Davidson*, and oral argument by *A. E. Thompson*.

*The Attorney General*, for the respondent.