## Case No. 752.

### BAILEY WRINGING MACHINE CO. v. ADAMS et al.

[3 Ban. & A. 96;[1] 5 Cent. Law J. 425; 10 Chi. Leg. News, 41; 5 Reporter, 102; 23 Int. Rev. Rec. 344; 25 Pittsb. Leg. J. 30.]

Circuit Court, W. D. Pennsylvania. Sept., 1877.

PATENTS FOR INVENTIONS—INJUNCTION—PRIOR CASE—NEW EVIDENCE.

1. The rules which should govern courts in granting preliminary injunctions, considered. Upon the motion, the court ought not to undertake the decision of fairly disputable questions of law and fact.

[See New York Grape-Sugar Co. v. American Grape-Sugar Co., 10 Fed. 835; Union Paper-Bag Mach. Co. v. Binney, Case No. 14,-387; Parker v. Sears, Case No. 10,748.]

2. When the motion is made and contested only upon the evidence which resulted in a judicial decision in complainant's favor in another case, such evidence ought to be taken as conclusively establishing the complainant's title. Not so, however, if new evidence is exhibited of such significance as would probably, if it had been presented, have changed the former decision.

[Cited in Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 679.]

[3. Cited in Washburn & Moen Manuf'g Co. v. Griesche, 16 Fed. 671, to the point that the substitution of known mechanical equivalents, or the changing of parts in a way not essential to the result, nor producing any new and useful result, is an infringement.]

[In equity. Bill by the Bailey Wringing Machine Company against F. F. Adams and

another for infringement of letters patent No. 22,539. Heard on motion for preliminary injunction. Denied.]

Marcus A. Woodward, for complainant.

Hill & Ellsworth, for defendants.

McKENNAN, Circuit Judge. A motion for a provisional injunction is always an appeal to the discretion of the court, but, in the class of cases to which the present one belongs, such discretion ought to be exercised only when "the complainant's title, and the defendant's infringement, are admitted, or are so clear and palpable that the court can entertain no doubt on the subject." "The court are not bound, at this stage of the cause, to decide doubtful and difficult questions of law, or disputed questions of fact, nor exercise this high and dangerous power (if exercised rashly) in doubtful cases, before the alleged offender shall have an opportunity of a full and fair hearing." Grier, J., in Parker v. Sears, [Case No. 10,748.] This has long been the rule in this circuit at least.

The bill in this case is founded on a patent issued to the complainant as assignee, for an improvement in wringing machines. It is one division of the fourth reissue of letters patent originally issued to John Allender on the 11th of January, 1859, and extended for seven years. The original patent contained but two claims, the gravamen of which was a wringing roller of peculiar mechanical construction, with a covering of vulcanized India rubber, or any other elastic compound impervious to water. To each reissue new claims have been added, until at last (in the reissue of February 9th, 1875), they are eight in number, all of which, except the two original claims, are for subdivided combinations of devices which, in the aggregate, constitute a complete wringing machine. That these several reissues, and the expansion of the claims of the patent, were induced by the progress of the art to which they appertain, seems to me to be evident, still, they may be all valid, if the combinations claimed were embodied in the original machine, and were the product of the patentee's genius. But to determine this, they must be carefully scrutinized in connection with the state of the art at the date of the patent, and to this end, the fullest opportunity for inquiry and examination is essential. In this stage of the case, and without an opportunity for a full hearing, the court ought not to undertake the decision of fairly disputable questions of law and fact, if there be any such, by an exercise of the power which this motion invokes.

Undeniably the defendants do not infringe the two first, and the fourth claims of the patent. The third, fifth, sixth, seventh and eighth claims they are alleged to have infringed.

The last two of these claims are new, and appear for the first time in the present reissue. They are for combinations in which the

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

guide or guides, described in the specification and shown in drawings and model, are a component element. Now, it is not so clear as to be free from doubt, that the flanges extending over the ends of the rollers in the defendants' machines, which form part of the standard in which the journals of the rollers are supported, are the equivalents of the guide in the complainant's machine. They are formally different devices, and do not seem to have been expressly intended to perform the same functions. The only office of the flanges is to prevent the clothes, passing through the rollers, from running off the ends and becoming entangled around the iron shafts. But although this effect might incidentally result from the use of the guide, such an adaptation of it does not seem to have been contemplated by the patentee. The specification requires—and this is clearly illustrated by the drawings—both faces of the machine between the standards to be covered with boards, which extend over the ends of the rollers, and to which are to be fastened a semicircular spout, simply "to guide the cloth or clothes between the rollers," so as to secure the application of their pressure, at a point upon them, at which, by reason of their peculiar construction, they have the greatest degree of elasticity. Not only is the exclusive function of the flanges not claimed for, or attributed to, any of the devices described in the specification, but, in view of the prescribed structure of the machine, the independent performance of it by the guide is obviously impracticable. Under these circumstances, the applicability of the doctrine of mechanical equivalents, as it is defined in recent cases, may well be questioned; and the infringement of these claims is, therefore, a fair subject of contestation.

But these claims, as well as the others referred to, are contested for want of novelty. Upon this point several affidavits of experienced and intelligent experts have been produced on each side, in which the opinions indicated are as positively expressed, as they are irreconcilably diverse. The weight of such evidence can only be properly estimated after the witnesses have been subjected to the ordeal of a cross-examination. Besides these, a large number of prior patents have been exhibited, which, in the examination I have been able to give them, raise doubts of the validity of some of the contested claims. These doubts may be removed, but the partial proofs which suggest them ought to be remitted to an exhaustive discussion, and more careful scrutiny, at a final hearing.

In reaching this conclusion, I am not unmindful of the weight properly due to a judicial decision in favor of the patent. When made upon final hearing, and upon evidence which is only reproduced at a subsequent interlocutory hearing, it ought to be taken as conclusively establishing the complainant's title. Not so, however, if new evidence is exhibited, of such significance as would probably, if it had been presented, have changed the former decision.

This patent has been repeatedly in litigation, but in one case only—Bailey Washing & Wringing Mach. Co. v. Lincoln, [Case No. 750]—was it subjected to a careful judicial examination, at final hearing. If the able judge, who decided that case, had had before him the new evidence introduced at this hearing, I am not prepared to say that his conclusions might not have been materially modified, if not entirely changed by it. While, therefore, I would, without question, interlocutorily adopt his judgment of the effect of the proofs before him, I cannot discard the influence of doubts caused by new evidence of material pertinency and now decide "that the complainant's title and the defendants' infringement are so clear and palpable that the court can entertain no doubt on the subject."

The motion for a preliminary injunction is, therefore, denied.

[NOTE. Patent No. 22.539 was granted to J. Allender, January 11, 1859; reissued April 18, 1865, (No. 1,934.) For other cases involving this patent, see Bailey Washing & Wringing Machine Co. v. Lincoln, Case No. 750; Eureka Co. v. Bailey Co., 11 Wall. (78 U. S.) 488.]