## LOCKWOOD *v.* FABER.[1]

*(Circuit Court, S. D. New York.* February 5, 1886.)

1. PATENTS FOR INVENTIONS—LOCKWOOD PATENT.
   In this case, on motion for preliminary injunction, under the patent to Rhodes Lockwood, sustained in *Lockwood* v. *Cutter Tower Co.,* 11 Fed. Rep. 724, *Lockwood* v. *Cleveland,* 18 Fed. Rep. 37, and *Lockwood* v. *Hooper,* 25 Fed. Rep. 910, the point was raised, for the first time, that there was not a sufficient description of the invention within the meaning of the statute, and the motion was denied.

2. SAME—DESCRIPTION OF AN INVENTION.
   A description of an invention does not comply with the statute when those skilled in the art to which the invention belongs can only ascertain by experiment how to practice it.

3. DEFENSES ON APPLICATION FOR PRELIMINARY INJUNCTION.
   Where the defense of prior public use was much more strongly fortified by corroborative evidence than in prior cases, where this defense had been made and overruled, a motion for a preliminary injunction was denied.

In Equity.

WALLACE, J. The case, as it appears upon this motion, is not sufficiently clear for the complainant to entitle him to a preliminary injunction.

1. Doubts are suggested as to the validity of the patent upon a point which apparently was not considered in the case of *Lockwood* v. *Cutter Tower Co.,* 11 Fed. Rep. 724, at final hearing, or in the case of *Lockwood* v. *Hooper,* 25 Fed. Rep. 910, upon motion for an injunction. The patent is for a new article of manufacture, when produced by a specified process or method,—"a rubber eraser, having the soft finished erasive surfaces produced by tumbling the erasers." It was not new to produce the article by grinding the surfaces, or filing them; nor was it new to treat small articles of India rubber by tumbling them in a barrel or revolving box long enough to give them a smooth, soft exterior surface; and the only novelty of the invention consists in producing the article by the method of the patent. The only description of the process contained in the specification is that the pieces of rubber are "tumbled (in a barrel or revolving box) until, by their action, one on the other, the corners and edges are worn away or rounded, leaving each eraser with a soft, velvet-like finish over its entire surface." If those skilled in the art can only ascertain by experiment how long, or under what conditions, the operation must be carried on to produce the new result, which is the essence of the invention, it is doubted whether such a description complies with the statute. *Tyler* v. *Boston,* 7 Wall. 327. On the other hand, if they can produce the article without such information, where is the novelty of the invention?

2. The defense of prior public use, as now presented, is a very

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

formidable one.   It is alleged that many manufacturers made and sold the patented article more than two years prior to the application for the patent.   Although the defense as to the prior use and sale by some of these manufacturers was considered and overruled in the case of *Lockwood* v. *Cutter Tower Co.*, and by other manufacturers was urged ineffectually upon the motion for the injunction in the case of *Lockwood* v. *Hooper*, the defense, as now presented, is much more strongly fortified than before by corroborative evidence; and it is reasonable to assume that a different result would have been reached if the evidence had been introduced which is now produced.

The motion is denied.