NATIONAL HAT-POUNCING MACHINE Co. *v.* HEDDEN and others.

SAME *v.* BROWN.

*(Circuit Court, D. New Jersey.* December 3, 1886.)

1. PATENTS FOR INVENTIONS—SUIT FOR INFRINGEMENT—DECREE NOT CONCLUSIVE AGAINST ANOTHER DEFENDANT MAKING A NEW CLAIM.

After the validity of a patent has been established in a suit, it may always be shown, in another suit on the patent against another defendant, and even in answer to an application for a preliminary injunction, that the right claimed by the plaintiff in the new suit was not fairly in controversy in the former suit.

2. SAME—PRELIMINARY INJUNCTION NOT GRANTED.

In an action for an infringement of a patent, where there is doubt as to the priority of the invention, if the defendants are amply responsible, and the plaintiff sells licenses for a royalty, so that there will be no difficulty in ascertaining the damage, a preliminary injunction will be denied.

In Equity. Motion for preliminary injunction.
*Eugene Tredwell,* for the motion.
*A. Z. Keasbey, contra.*

WALES, J. Motion is made in each of these cases for a preliminary injunction on letters patent granted to Rudolf Eickemeyer, November 23, 1869, No. 97,178; also on letters patent granted to Edmund B. Taylor, October 21, 1879, No. 220,889,—both patents being for improvements in machines for pouncing hats. Complainant is owner by assignment of these patents, and sues for their infringement by defendants. The second claim of the Eickemeyer patent, and the fifth claim of the Taylor patent, are the only claims relied on in these motions. The second claim of the first patent is for "the arrangement and combination of a rotating pouncing cylinder with a vertical supporting horn, substantially as described, whereby the supporting horn may be used to support the tip, side, crown, or brim during the operation of pouncing the hat." The fifth claim of the second patent is for "the combination of the support for the hat and the self-feeding pouncing cylinder, whereby the hat is drawn over the support, B, in the direction of the motion of the pouncing cylinder."

The validity of the second claim of the Eickemeyer patent has been sustained by the United States circuit court for the district of Massachusetts, at the suit of this complainant against William B. Thom and others, begun July 10, 1879, and decided November 6, 1885. But none of the defendants here were parties to that suit. Hedden & Co. admit that they used the Eickemeyer machine, under a license from the complainant, from 1878 to the end of 1882, and that they paid royalties at the rate of six cents per dozen for fur hats, and three cents per dozen for wool hats; that in the latter part of 1882 they purchased a machine from the defendant Brown which would pounce a hat all over at one operation, instead of requiring two operations,— one for the brim, and another for the body of the hat, as in the Eickemeyer machine; and that thereupon they gave notice to the agent of the complainant that they would no longer pay royalties for the use of its machine. They also assert that they did not know, and were never informed by the complainant, that its machine would pounce a hat all over at one operation. There was no concealment by Hedden & Co. of their acts, and they assigned the reason just stated for substituting the Brown machine.

Brown claims that he had constructed his machine at least a year before the date of the Eickemeyer patent, and, of course, long prior to the Taylor patent, on which he had pounced hundreds of dozens of hats; pouncing each hat all over at one operation, thereby anticipating the inventions of the patents now in controversy.

When these motions were first submitted to the court in May of the present year it was represented by the defendants that the machine now sought to be enjoined was seen in use by the complainant's agent in December, 1882, and no explanation was made in the moving papers for the delay in applying for an injunction for nearly four years; but upon the intimation of the court that, as the papers stood, an injunction could not issue in consequence of the laches of the complainant, further time was allowed for proof in excuse and justification of the delay. The excuse is that the complainant was waiting the result of the litigation in Massachusetts before prosecuting the users of the Brown machine, which is identical with the Taylor machine, and that the latter was decided to be an infringement of the Eickemeyer patent; that the complainant believed the case against Thom and others to be a test case, and that the trade generally would submit to its decision.

As a general rule, this would constitute a satisfactory reason for delay. *Green* v. *Barney*, 19 Fed. Rep. 420. But, admitting this, Hedden & Co. contend that the suit in the Massachusetts district was founded on three patents, and that only the second claim of one of these was sustained by the court, and that the machine now used by them is substantially the same which was made by Brown in 1868. They further say that they have used this machine only in their business as manufacturers, and are amply responsible to pay all damages

which might be recovered for any infringement of the right of the complainant, if such infringement should be established. Brown contends that as his machine was not before the court in the former suit, and he has had no opportunity of presenting his claim of priority of invention, his rights as a prior inventor have not yet been adjudicated. It has been held to be "well settled that, even after the validity of a patent has been established in a suit, and notwithstanding the presumption thereby raised that the patent is valid, it may always be shown in another suit on the patent, against another defendant, and even in answer to an application for a preliminary injunction in such suit, that the right claimed by the plaintiff in the new suit was not, either as to its nature or its extent, fairly in controversy in the former suit, or that material facts were not known or considered when the former suit was tried, or that there are relevant matters which were not adjudicated in the former suit." *Page* v. *Holmes Burglar Alarm Tel. Co.*, 2 Fed. Rep. 336.

The affidavits, and counter-affidavits, filed in the present application, are voluminous, contradictory, and conflicting. But facts are proved or admitted sufficient to create some doubt of the propriety of granting these motions. It does not satisfactorily appear that irreparable damage will be suffered by the complainant in waiting for a final decree in either case; and as the complainant does not use the patents as a monopoly, but sells licenses to others to use them for a fixed royalty, there will be little difficulty in ascertaining whatever damages it may be entitled to if it finally prevails. Moreover, it is understood that Hedden & Co. are extensively engaged in manufacturing hats, employing a large number of hands in their business, and that a provisional injunction would work greater hardship on them than benefit to the complainant. For these reasons, and in view of the fact that there is some doubt on the question of priority of invention, the injunctions will not be granted, unless the complainant can show to the court that the defendants are not pecuniarily responsible, and are not now, or will not in the future be, able to pay any decree that may be rendered against them; in which case it may apply for an order requiring the defendants to enter into a bond, with sureties, in such sum as may be agreed upon by the parties, or determined by the court after hearing. In reaching this conclusion the practice is followed which was adopted by this court in *Greenwood* v. *Bracher*, 1 Fed. Rep. 861. See, also, *New York Grape-sugar Co.* v. *American Grape-sugar Co.*, 10 Fed. Rep. 837.