EDISON ELECTRIC LIGHT CO. et al. v. COLUMBIA INCANDESCENT LAMP CO. et al.

(Circuit Court, E. D. Missouri, E. D. April 21, 1893.)

No. 3,707.

1. PATENTS FOR INVENTION—INFRINGEMENT—PRELIMINARY INJUNCTION—ELECTRIC LAMP.

A preliminary injunction against the infringement of letters patent No. 223,898, issued to Thomas A. Edison January 27, 1880, for an improved electric lamp, should not be granted, since it is doubtful whether said invention was not anticipated by Henry Goebel in 1854.

2. SAME—PRELIMINARY INJUNCTION—DECISION IN ANOTHER CIRCUIT.

A decision of the circuit court of appeals sustaining the validity of a patent is not conclusive in a second suit in a circuit court of another circuit, involving the same patent, where a different defense is made.

3. SAME.

The granting of a preliminary injunction by a circuit court in a patent case does not require the issuance of such an injunction by another circuit court in a suit between different parties, when the defense, though the same, is supported by additional evidence.

4. SAME—PRACTICE—SECURITY FROM DEFENDANT.

Where a corporation charged with infringing a patent was found with a small capital in order to avoid liability for such infringement, it is proper, as a condition of refusing a preliminary injunction against such corporation, to require it to give security for observing the decree in case it should be defeated in the suit.

In Equity. Bill by the Edison Electric Light Company and others against the Columbia Incandescent Lamp Company and others for infringement of a patent. On motion for a preliminary injunction. Denied.

Henry Hitchcock, (F. P. Fish, C. A. Seward, and R. N. Dyer, of counsel,) for complainants.

Boyle & Adams and Fowler & Fowler, (Witter & Kenyon, of counsel,) for defendants.

HALLETT, District Judge. Complainants allege infringement of letters patent No. 223,898, issued to Thomas A. Edison January 27, 1880, for an improved electric lamp. This patent came under the consideration of the circuit court of the southern district of New York in the case of Edison Electric Light Co. v. United States Electric Lighting Co., 47 Fed. Rep. 454, and was held to be for a lamp "consisting essentially of a filamentary carbon burner, hermetically sealed in a glass vacuum chamber." So understood, it is the incandescent lamp in common use, and no question is presented in this record as to the character of respondents' manufacture. The defense to the bill and to the motion for preliminary injunction now under consideration is want of novelty in the Edison patent. Respondents aver that an incandescent lamp dif-

ferent in form, but in all essential features the same as that now in general use, was made as early as 1854 by Henry Goebel, of New York city, and that it was used by him in various ways, and at different times, for many years thereafter. It will not be necessary to describe this lamp at length, as it has the same constituents as the Edison lamp. We are at present more concerned with the struggle between the contending forces, on the one side to maintain, and on the other to disprove, the existence and use of the lamp anterior to the date of the Edison invention. A large mass of testimony, in the form of affidavits, is offered by each party on the question of fact, which, to consider at length, would be a tiresome and unprofitable task.

The principal objection urged by complainants against the Goebel invention is that it has an impossible date; no man could make it in the time and manner assigned to it; the incandescent lamp is the product of several auxiliary arts, not likely to fall within the compass of a single mind; as an achievement of science, the lamp is a matter of progessive steps, some of which must be made by the world at large, before others can be taken by any one. This is no more than to say that no man can outrun his competitors to any great length in the field of scientific investigation,—a proposition which has no support in reason or experience. There seems to be no reason for saying that Goebel could not reach in 1854 the point attained by Edison in 1879, unless, as was said by the dissenting justices in the telephone cases, "it is regarded as incredible that so great a discovery should have been made by the plain mechanic, and not by an eminent scientist and inventor."

In so far, however, as it may be shown that the methods adopted by Goebel were not equal to the results obtained, the evidence should receive the most careful consideration. On this point it appears that Goebel has recently made several lamps of the form and with the material and tools formerly used by him. These lamps were tested by men of skill and experience in such matters, and they were found to be reasonably effective. They are not so good as the lamps in common use, but they can be operated, and they give reasonable service in time and capacity of light. So that in this way we have prima facie proof of Goebel's ability to make lamps in the way he claims to have made them before the time of Edison's invention.

It is said that Goebel is involved in contradictions and misstatements of fact, due to the lapsing memory of old age, or to untruthfulness. Be it so. He does not appear to be an adventurer or an impostor. It is not reasonable to believe that he made the story related in his affidavit, and did not make the lamp he has described. Whatever may be said as to Goebel's veracity, he is supported at many points by witnesses of good repute, who speak with precision, and apparently with deliberation.

As already suggested, it is not necessary or profitable to go over the testimony at length, with a view to determine the relative value and weight of every part. It is enough to say that there is

a fair preponderance of testimony in support of the Goebel claim.

There is not the measure of proof demanded by complainants' counsel, who maintain that the court should require proof of the fact beyond reasonable doubt. This degree of certainty is not often attained upon testimony in the form of affidavits, where the issue is contested, and it is not reasonable to demand such certainty as to the defense. Complainants must show a clear right in support of a preliminary writ, and a defense which puts the case in doubt is sufficient to defeat the application. Goodyear, etc., Co. v. Dunbar, 1 Fish. Pat. Cas. 472; Glaenzer v. Wiederer, 33 Fed. Rep. 583; Fraim v. Iron Co., 27 Fed. Rep. 457; Cary v. Spring-Bed Co., 26 Fed. Rep. 38; Rob. Pat. 1171.

It is also contended that the decree of the circuit court of New York against the United States Electric Lighting Company, sustaining the patent, (47 Fed. Rep. 454,) which decree has been affirmed in the court of appeals of the second circuit, (52 Fed. Rep. 300, 3 C. C. A. 83,) is conclusive of complainants' right to the writ for which they now ask. No doubt is entertained as to the conclusive effect of that decree, here and elsewhere, as to all matters in issue in that cause; for, although respondent was not a party to that litigation, the court would not, on a preliminary motion, consider any matter which passed to judgment in that suit. But the Goebel defense was not made in that suit, and therefore the case has not the authority on this motion which has been ascribed to it. Machine Co. v. Hedden, 29 Fed. Rep. 147; Lockwood v. Faber, 27 Fed. Rep. 63; Machine Co. v. Adams, 3 Ban. & A. 96.

Another suit by the complainants against the Beacon Vacuum Pump & Electrical Company in the circuit court for the district of Massachusetts is in a different attitude. In that suit the Goebel defense was made, and upon motion for preliminary injunction, recently heard and allowed, it was overruled. 54 Fed. Rep. 678. It is contended that the ruling in that case should be recognized and followed as a precedent in respect to the present motion. And perhaps, if the issue, the testimony, and the situation of the parties appeared to be the same in both cases, such result might follow, more from the persuasive effect of the opinion of another court on the same matter than from any notion of authority ascribed to such opinion. In courts of equal jurisdiction, proceeding concurrently in the investigation of the same subject, the right and duty of each to exercise independent judgment cannot be denied. That they should in the end reach the same result is greatly to be desired, but one cannot become an echo to the other for that praiseworthy purpose. In this instance the consequences to flow from diverse opinions are not regarded as serious. In the Massachusetts circuit, and here as well, the motion is interlocutory, and in each case the ruling may well enough stand upon the situation of the parties; and we have much additional testimony to that upon which the court acted in the Beacon Case. So that upon all points I do not feel compelled to accept the opinion of the court in that case.

The ruling of the court, however, in the Beacon Case, suggests the propriety of taking security from respondents for observing the decree in case complainants shall ultimately prevail in this suit. There are other considerations, also, which should have weight in that direction. It was suggested by complainants' counsel that respondent is a concern of small capital, and that it was made so with intent to avoid responsibility in respect to the infringement now alleged against it. This was not denied, and I suppose we may take it to be true. The retort was in the form of a charge against complainant that it used its monopoly of electric lamps to control the sale of all kinds of electric machinery and apparatus. This charge also passed without denial, and it is not difficult to conceive of circumstances in which it would be necessary to ascertain whether it is true. Referring only to the charge against respondent, of insufficient capital and assets, the duty of the court is plain, to provide for the contingency of a decision against it. I need not refer to the possible effect of cross-examination in the case of a multitude of witnesses. What now seems plain enough may altogether disappear, and new facts may come to the surface under that crucial test.

The injunction will therefore be refused, if the respondents shall give a bond in the sum of $20,000, conditioned for the payment of such sum, if any, as may be decreed in favor of complainants on the final hearing of this cause. The bond to be filed with the clerk of the court, and to be approved by the clerk or by a judge of the court, within 20 days from this day.