NORTON et al. v. EAGLE AUTOMATIC CAN CO.[1]

(Circuit Court, N. D. California. August 16, 1893.)

1. PATENTS FOR INVENTIONS—CAN-HEADING MACHINES.
   Can-heading machines, made in accordance with the specification and drawings of United States letters patent No. 460,624, granted to Charles B. Kendall on April 21, 1891, are an infringement upon United States letters patent No. 267,014, granted to Edwin Norton on November 7, 1882.

2. SAME—PRELIMINARY INJUNCTION—QUESTIONS OPEN.
   When a patent has been sustained by prior adjudications in the same circuit, on motion for a preliminary injunction in a subsequent suit against other parties, the only question open is that of infringement, and consideration of all other questions will be postponed until the final hearing, except in cases where new evidence is presented, which is, in itself, of such a conclusive character that if it had been presented in the former case it would have probably led to a different conclusion; but in such contingency the burden of showing this is upon the defendant.

3. SAME—ANTICIPATIONS—PRIOR SUIT.
   Where, on motion for a preliminary injunction in a subsequent suit against other parties, certain prior patents are set up in anticipation, which were so set up in prior suits in the same circuit, and therein held not to

[1] Reported by J. H. Miller, Esq., of the San Francisco bar.

anticipate, such patents will not be considered on such motion, and the prior adjudications in that regard will be held conclusive.

4. SAME—PRELIMINARY INJUNCTION—ANTEDATING OF PATENTED INVENTION.

On motion for a preliminary injunction, where a patent is set up as anticipation which, on its face, antedates the patent in suit, complainant may show, if he can, that his patented invention was actually made prior to the date of the anticipating patent, and he will thereby avoid anticipation, and the alleged anticipating patent will not be considered.

5. SAME—LACHES.

Where, on motion for a preliminary injunction, it is shown that six months prior to commencement of the suit complainant's attorneys visited the factory of respondent, and there saw in operation respondent's machine, and it further appears that complainant had then pending, but undecided, in the same circuit a suit against another party upon a machine involving some, if not all, of the questions involved in the case at bar, complainant had a right to wait until a decision was rendered in the suit against the other party before bringing suit against respondent; and, where complainant commenced his suit against respondent two weeks after the decision against such other party in the other case, he is not guilty of laches such as will disentitle him to a preliminary injunction.

6. SAME—HARDSHIP.

Where a patent has been fully adjudicated and held valid by the court of last resort, and the respondent is aware of this fact, but nevertheless builds and puts in operation a large number of infringing machines at large expense, and enters into large contracts for operating the same, relying upon the opinions of his experts, as opposed to the decision of the court, that said machines are not an infringement, the respondent must be considered as acting with his eyes open to the exact condition of affairs, and in such case cannot avert a preliminary injunction on the ground of hardship; it being clear to the court that, under the prior adjudications, his machines are an infringement.

7. SAME.

There are cases where the courts have refused a preliminary injunction, and allowed defendant to give bonds in lieu thereof, on the ground of hardship that would be entailed upon the defendant by an injunction, notwithstanding the fact of prior adjudication of validity of the patent; but, upon consideration of the facts here, it is held that this is not such case, and the injunction is granted, although it may entail a hardship on respondent.

8. SAME—IRREPARABLE INJURY.

Although the patentees in this case have elected to enjoy the monopoly of their patent by granting licenses, nevertheless, it appearing that to refuse them a preliminary injunction would absolutely destroy the value of their patent, a preliminary injunction will be granted.

In Equity. Bill by Edward Norton and Oliver W. Norton against the Eagle Automatic Can Company for infringement of a patent. On motion for a preliminary injunction. Granted.

Munday, Evarts & Adcock and Estee & Miller, for complainants.
John L. Boone, W. F. Herrin, and N. A. Acker, for respondent.

HAWLEY, District Judge, (orally.) This cause is presented to me upon a motion for a preliminary injunction, the respondent having been served with notice to appear and show cause, if any it could, why the injunction should not be issued. The suit is in equity for the infringement of letters patent No. 267,014, dated November 7, 1882, granted to Edwin Norton for a machine for putting on the ends of fruit and other cans. The respondent, in its answer, admits

that it has made and used, and is using, can-heading machines which were constructed substantially in accordance with specification and drawings of letters patent No. 460,624, which were granted April 21, 1891, to one Charles B. Kendall. It avers that the invention claimed in said letters patent is a radically new, separate, and distinct invention in machines for putting heads on cans from that described and claimed in letters patent No. 267,014, and that it does not require, use, employ, or embody any of the mechanism described in or covered by letters patent No. 267,014.

It is shown in this case that the Norton patent has been upheld in the suit of Norton v. Jensen, in the circuit court of appeals in this circuit, (1 C. C. A. 452, 49 Fed. Rep. 859;) and also in the case of Norton v. Wheaton, in this court, (57 Fed. Rep. 927.) I understand the rule to be well settled that, where the validity of a patent has been sustained, as in this case, by prior adjudication in the same circuit, the only question open before the court, on motion for a preliminary injunction, in a subsequent suit against other parties, is the question of infringement; and that the consideration of all other questions should be postponed until all of the testimony is taken in the case, and the case is presented upon final hearing. There is, perhaps, an exception to this rule, that in cases where new evidence is presented, that is itself of such a conclusive character that if it had been presented in the former case it would probably have led to a different conclusion. The burden, however, of showing this is upon the respondent. Without attempting, at this time, to explain the operation, mode, or effect of the respective patents involved in this case, under the construction which is given to the Norton patent by the circuit court of appeals in Norton v. Jensen, and the decision rendered by this court in the case of Norton v. Wheaton, it is made perfectly clear to my mind that there has been an infringement of the Norton patent by the respondent in this case.

The patents set up in anticipation by the respondent in its answer are five: (1) Letters patent No. 152,757, issued to George A. Marsh on the 7th of July, A. D. 1874; (2) letters patent No. 235,700, issued to George H. Pierce on the 21st day of December, 1880; (3) letters patent No. 233,079, issued to P. Dillon and J. Cleary on the 12th of October, 1880; (4) letters patent No. 265,617, issued to George A. Marsh on the 10th of October, 1882; (5) letters patent No. 238,351, issued to W. J. Clark on the 1st day of March, 1881. Of these the first Marsh patent, No. 152,757, was not claimed in the oral argument to anticipate the Norton patent, but was introduced, as stated by counsel, for the purpose of showing the state of the prior art. The Pierce patent is disposed of by the decision of the circuit court of appeals in Norton v. Jensen. The Dillon and Cleary patent and the Clark patent, as well as the Pierce patent and the first Marsh patent, were before this court in Norton v. Wheaton, and it was there decided that they did not anticipate complainants' invention.

The only new evidence in this case, as I understand it, is the letters patent to George A. Marsh No. 265,617, dated October 10, 1882. This, it will be noticed, antedates the patent issued to Norton by about one month; but it was shown by the testimony in Norton v. Jensen that Norton's invention was long prior in time to the date of Marsh's patent,—about two years, if I remember rightly. It is therefore unnecessary on this hearing to construe the Marsh patent, for, unless the invention of Marsh is shown to be prior in time to Norton's invention, there can be no anticipation. It will be time enough to discuss the construction of the patent if it should be shown that Marsh's invention was prior in point of time.

It is claimed that complainants have been guilty of laches, and that respondent was misled by the conduct of complainants. The affidavit, upon the part of the respondent, of Irvin Ayres, president of the respondent, says:

"Affiant further says that he is informed and believes that the complainants herein were fully aware that respondent was using the machines which it now uses long prior to the commencement of this suit, and at least several months before the canning season commenced, and long before any contracts had been made to supply cans to orders for this season's work. Affiant is informed that the attorneys of said complainants personally visited respondent's factory at a time when respondent had only a single line of machinery at work, and that said attorneys then and there examined said machines, and that the delay and failure of complainants to bring suit against respondent misled respondent into the belief that no action would be brought against it, and induced respondent to make large investments in machinery and apparatus. Affiant further believes that said complainants delayed bringing this suit purposely, until respondent had entered into such heavy expenditures, and made its several contracts above referred to, and was engaged in filling the same, and that they now bring this suit hoping to use the power of this court to prevent respondent from filling said orders, and to injure respondent in the eyes of the public and its said patent."

And the affidavit of the secretary of respondent sets forth:

"That he knows John W. Munday and Edmund Adcock, the attorneys and solicitors for the complainants herein; that said Munday and Adcock visited the works of the defendant herein on or about the month of January, 1893, and discussed with affiant the kind and character of machines for heading cans which was used by respondent at that time, and affiant is satisfied that they knew what the construction of the machines used by said respondent was at that time. Affiant says that respondent was then using the same style of can-heading machines that it is now using, viz. the Kendall machine; that at that time respondent had only a single line of machines constructed and in use, and had no contracts on hand for furnishing cans to canneries; that, knowing that the complainants herein were aware of the character, kind, and construction of the can-heading machines used by the respondent, and not being troubled by said complainants, respondent was led into constructing other lines of can-heading machines of the same kind, at a large expense, and in expending large sums of money to fit up a cannery, and into entering into large contracts to supply cans to canning factories."

It will be observed that the affidavits do not state that the attorneys for complainants informed them that the Kendall patented machine, which respondent was operating, was not an infringe-

ment on the Norton patent. Upon this point the affidavits are silent, and the only reasonable inference that the court could draw from the affidavits would be that the officers of respondent were at that time notified that it was an infringement, because, if this were not so, it is evident to the court, upon an application of this kind, that that fact would be affirmatively stated; but I do not understand that respondent relies upon that ground in these affidavits. It is argued, because the complainants knew that respondent was operating machines of this kind in January last, and because they did not, with that knowledge, bring suit against it, that respondent was thereby misled into the belief that no suit would be brought against it, and that it had a right to go on, and that the complainants in this case were guilty of such laches in their failure to bring a suit against respondent that they ought not to be allowed to have an injunction against it. From the record before me, and from the arguments of counsel, and the judicial knowledge that the court has as to pending cases, it appears that the complainants in this case had instituted a suit against M. A. Wheaton upon a machine involving some, at least, if not all, of the questions involved in this case in this circuit, and that that suit had been pending for some months prior to the date of the conversation, and that at that time, or about the time of the conversation, the counsel for complainants, who live at Chicago, were here in San Francisco, to attend the final hearing and argument of the case of Norton v. Wheaton. It appears to me that, with the knowledge which both parties have been shown to possess in this case, the complainants having established the validity of the Norton patent and its infringement by Jensen in the case of Norton v. Jensen, and having commenced the suit against Wheaton, they had a right to wait until that suit was determined before bringing suits against other parties, and especially as against parties who had full knowledge of all of the facts with reference to the adjudications with respect to the respective patents. I do not think that complainants can be charged with laches for waiting until that suit was decided, which was only about two weeks, or thereabouts, before the commencement of this action. The parties had a right to wait until it was determined by the court whether or not the Wheaton patent was an infringement of the Norton patent, because, as I said, it involved many, at least, of the same questions that are involved in this case, and it also appears to me plain that the respondent could not have been misled by their delay.

The record shows that respondent, prior to the time of operating its machines, had submitted the matter of its infringement to several experts. It shows that it was informed by experts, many of whose affidavits were presented in this case, that the Kendall patent was not an infringement upon the Norton patent. It is therefore claimed that the respondent acted in good faith in proceeding to erect expensive machinery and enlarging its business. It is unnecessary, in this proceeding, to question the good faith of the respondent. If it relied upon the opinion of experts as opposed

to the decision of the court in Norton v. Jensen, it shows that respondent took the chances of having that matter determined by the court. In other words, the affidavits offered in this case clearly showed that the respondent, in erecting its machinery, acted with its eyes wide open as to the exact condition of affairs concerning those patents, and took the chances of having it determined by the court in its favor that the Kendall patent was not an infringement of the Norton machine.

I believe that I have noticed all the points relied upon by counsel except the one where it is claimed that, this suit having been brought by complainants, and it appearing that they themselves had not used the monopoly of their patent, they were not entitled to an injunction. I do not think that point is well taken. The action is necessarily for the benefit of their licensees, and it is their duty to protect their licensees by suits against parties who were infringing the same; otherwise, the value of the patent would be absolutely destroyed.

It was contended that this was a case of special hardship, and that for this reason a preliminary injunction ought not to issue. There are cases where the courts have held, on account of the peculiar facts of the case, that the court ought not to issue a preliminary injunction on account of the hardship that might result by such action to innocent parties. It is enough to say that I do not consider that this case comes within the rule that has been announced in decisions of that character.

My conclusion, therefore, is that the complainants are entitled to the preliminary injunction, and that order will be entered.