EDISON ELECTRIC LIGHT CO. et al. v. PHILADELPHIA TRUST, SAFE-DEPOSIT & INS. CO. et al. SAME v. MANUFACTURERS' CLUB OF PHILADELPHIA. SAME v. SPRECKELS SUGAR-REFINING CO.

(Circuit Court, E. D. Pennsylvania. January 26, 1894.)

Nos. 29, 30, and 31.

PATENTS—PRELIMINARY INJUNCTIONS — DECISIONS BY CIRCUIT COURT OF APPEALS AND OTHER CIRCUIT COURTS.

The Edison incandescent electric lamp patent, No. 223,898, was sustained by the circuit court of appeals for the second circuit after exhaustive litigation. Afterwards the new defense of anticipation by one Henry Goebel was set up in a suit in the circuit court for the eastern district of Massachusetts, and, after a thorough investigation thereof, a preliminary injunction was granted. In other suits in which this defense was interposed a preliminary injunction was granted by the circuit court for the eastern district of Wisconsin but was denied by the circuit court for the eastern district of Missouri on the defendant's giving bond. A subsequent suit was brought in the circuit court for the eastern district of Pennsylvania, and the defendants therein claimed that they should be exempted from a preliminary injunction in respect to using certain lamps made by the company, which the court for the eastern district of Missouri had refused to enjoin. No evidence was submitted on which the court could form an independent judgment as to the alleged Goebel anticipation. *Held* that, in view of the decision of the circuit court of appeals, the injunction should be granted.

These were three suits, brought by the Edison Electric Light Company and the Edison Electric Light Company of Philadelphia against the Philadelphia Trust, Safe-Deposit & Insurance Company and others, the Manufacturers' Club of Philadelphia, and the Spreckels Sugar-Refining Company, respectively, for infringement of the Edison incandescent electric light patent. Heard on application for preliminary injunctions.

Samuel B. Huey, Richard N. Dyer, and C. E. Mitchell, for complainants.

Crarath & Houston and John O. Bowman, for defendants.

ACHESON, Circuit Judge. The patent in suit, No. 223,898, granted on January 27, 1880, to Thomas A. Edison, after protracted litigation and a most vigorous defense, was sustained by the circuit court of the United States for the southern district of New York and by the United States circuit court of appeals for the second district. Edison Electric Light Co. v. United States Electric Lighting Co., 47 Fed. 454; Id., 3 C. C. A. 83, 52 Fed. 300; Edison Electric Light Co. v. Sawyer-Man Electric Co., 3 C. C. A. 605, 53 Fed. 592. The uncontradicted proofs in the several cases now before me show infringing use by the defendants, respectively, and it is conceded that the plaintiffs, the Edison Electric Light Company, and its exclusive licensee in the city of Philadelphia, the Edison Electric Light Company of Philadelphia, are entitled to a preliminary injunction in each of these three suits. The court, however, is asked to exempt from the operation of the injunctions certain lamps (confessedly within the second claim of the patent) which were manufactured by the Columbia Incandescent Lamp Company, a corporation of the state of Missouri, for the reason that in a suit brought against that company by the Edison Electric Light Company and the Edison General Electric Company in the circuit court of the United States for the eastern district of Missouri, after the decisions in the second circuit, Judge Hallett refused a motion for a preliminary injunction upon the defendant's giving a bond in the penal sum of $20,000, conditioned for the payment of any sums which might be decreed in that suit in favor of the complainants therein. 56 Fed. 496. The ground for this refusal was a defense there set up, which had not been made in the second circuit, that the incandescent electric lamp for which Edison was granted the patent was really the prior invention of one Henry Goebel. But in the earlier case of Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678, that defense was interposed to a motion for a preliminary injunction, and was very carefully investigated by Judge Colt, who found and decided that Goebel's story of his invention in itself was so improbable, and the evidence to sustain the alleged anticipation was of such doubtful character, that the consideration of this defense ought to be postponed until final hearing, and that in the mean time the plaintiff was entitled to enjoy the fruits of the decrees sustaining the patent. Accordingly, Judge Colt granted a preliminary injunction. In the more recent case of Edison Electric Light Co. v. Electric Manuf'g Co., 57 Fed. 616, in the circuit court of the United States for the eastern district of Wisconsin, Judge Seaman expressed views similar to those of Judge Colt, and awarded a preliminary injunction to restrain infringement of this patent. No evidence whatever in support of the Goebel defense has been submitted to me, so that I am without the means of forming an independent opinion as to whether it rests upon a substantial basis. Under all the circumstances, then, to give to Judge Hallett's refusal to grant an injunction the effect here claimed for it would be to carry the principle of judicial comity to a most extravagant length. The Edison Electric Light Company of Philadelphia, vitally interested here, is not a party to the Missouri suit. But, aside from that con-

sideration, the owner of a patent undoubtedly may maintain suits for infringement against the manufacturer and user of the patented device simultaneously. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244; Kelley v. Manufacturing Co., 44 Fed. 19.   True, pending a test suit against a manufacturer involving the validity of a patent, in which a preliminary injunction against him has been denied, courts in other jurisdictions have declined to enjoin preliminarily the users of the device.   But the Edison patent has been sustained under circumstances which entitle the adjudications to high regard. It is the accepted doctrine that the decision of the supreme court, after exhaustive litigation upon the merits, sustaining a patent, will ordinarily be regarded as conclusive on a motion for a preliminary injunction, the presumption against the existence of any valid defense against the patent prevailing at that stage of the case.   Purifier Co. v. Christian, 3 Ban. & A. 42, 51; American Bell Tel. Co. v. Southern Tel. Co., 34 Fed. 795; American Bell Tel. Co. v. McKeesport Tel. Co., 57 Fed. 661.   I think the same effect ought here to be accorded to the decisions of the United States circuit court of appeals for the second circuit sustaining the Edison patent.   In each of these cases a preliminary injunction in the form prescribed by the courts of the second circuit will be allowed.