NORTON et al. v. EAGLE AUTOMATIC CAN CO.

(Circuit Court, N. D. California. April 9, 1894.)

No. 11,824.

PATENTS—PRELIMINARY INJUNCTION—PRIOR DECISIONS—NEW EVIDENCE.

When a patent has been sustained by the circuit court of appeals, the circuit court of the same circuit may nevertheless refuse a preliminary injunction against a different infringer, not only when the new evidence is such as to warrant the statement that, if it had been before the appellate court, it would necessarily have led to a different result, but also when it is of so clear and positive a character as to justify a well-founded belief that upon the final hearing the full proofs may be such as to warrant a different construction of the patent; but as a condition of refusing the injunction, or dissolving one already granted, the court may require defendant to give a bond, and make periodical statements as to the extent of his manufactures, for the purpose of protecting complainant.

This was a suit by Edwin Norton and Oliver W. Norton against the Eagle Automatic Can Company for infringement of letters patent No. 267,014, granted November 7, 1882, to Edwin Norton, for a can-heading machine. A preliminary injunction was heretofore granted (57 Fed. 929), mainly upon the strength of the decision of the circuit court of appeals, sustaining the patent, in Norton v. Jensen, 1 C. C. A. 452, 49 Fed. 859, and afterwards defendant was adjudged guilty of contempt in violating the same (59 Fed. 137). Defendant now moves to dissolve the injunction on the ground of newly-discovered evidence.

Estee & Miller, for complainants.

John L. Boone, S. C. Denson, and E. S. Pillsbury, for respondent and motion.

HAWLEY, District Judge. The defendant moves the court to dissolve the temporary injunction heretofore granted (57 Fed. 929), upon the ground of newly-discovered evidence material to the issues herein, which it claims is of such a character as, if it had been before the court at the former hearing, would have justified the court in refusing to grant the injunction. The new evidence relied upon is: (1) The affidavits of W. J. Clark and J. S. Hull in relation to letters patent No. 238,351, dated March 1, 1881, to William J. Clark, for a can-heading machine, to the effect that said Clark, in the year 1879, conceived the idea of a can-heading machine which would true the bodies of the cans and place them in the heads, the heads and cans being in alignment, and so make a close fit, substantially as set forth in said letters patent; that in the month of March, 1880, he made a wooden pattern, and had two sets of castings made therefrom, and thereafter, not later than the early part of May, 1880, he fitted up a complete working machine, exactly after the castings and drawings, except that he substituted lugs for the pulley arrangement instead of the wedge, and that this machine was actually used for heading cans before the month of June, 1880, in the same condition and form as described in said letters patent. (2) Letters patent No. 232,535, issued September 21, 1880, to Herman Miller, for

improvements in machines for seaming cans, and the deposition of Herman Miller in support thereof. (3) The German patent No. 6,480, granted to Freidrick Ewers, November 24, 1877, for improvements for the manufacture of metal cans for preserves. And (4) the file wrapper and contents of complainants' letters patent.

The argument on behalf of defendant is that if all this evidence had been presented to the circuit court in Norton v. Jensen, and had been of record in that suit, the circuit court of appeals would not have decided, as it did with the evidence before it, that the Norton patent covered an invention of a primary character, and that its claims are entitled to a broad and liberal construction (1 C. C: A. 452, 49 Fed. 860), and that for these reasons the case must be considered as an exception to the general rule relied upon by complainants. The general rule is undoubtedly well settled, as stated in the former hearing, that where the validity of complainant's patent has been sustained by prior adjudications, after tedious and expensive litigation in the same circuit, and affirmed by the supreme court of the United States, or by the circuit court of appeals for the circuit, the only question open on motion for a preliminary injunction in a subsequent suit against other parties is the question of infringement, the consideration of all other defenses being postponed until final hearing upon the merits, after full proofs have been made by the respective parties; but, after the validity of a patent has been thus established, it may nevertheless be shown in another suit on the same patent against another defendant, in answer to an application for a preliminary injunction, or upon motion to dissolve an injunction previously issued, that the right claimed by complainant in the new suit was not, either in its nature or extent, fairly in controversy in the former suit, or that certain material facts were not known or considered by the court when the former suit was tried, or that there are important and relevant matters presented in the new suit which were not adjudicated in the former suit and which, if they had been presented, might have limited or changed the decree in the former suit. Page v. Telegraph Co., 2 Fed. 337; Lockwood v. Faber, 27 Fed. 63; Hat Pouncing Mach. Co. v. Hedden, 29 Fed. 147; Bailey W. M. Co. v: Adams, 3 Ban. & A. 96, Fed. Cas. No. 752; 3 Rob. Pat. §§ 1179–1182.

And in all such cases the question arises as to what measure of proof should be demanded by the court before granting or refusing the preliminary injunction, or dissolving or refusing to dissolve it after it has been granted. Upon this question there is a difference of opinion among the judges of the various circuits, the decisions of the court always depending, more or less, upon the peculiar facts of each particular case. As the granting or refusing an injunction is, to a certain extent, within the sound legal discretion of the court, it is hardly to be expected that any general or inflexible rule can be so stated as to warrant the assurance that it will be followed by other courts in other cases. At the present time the decided cases upon this subject may be classified under two separate and distinct heads,—one class declaring that, to justify the denial of an injunction, the new evidence must be of such a con-

clusive character as to place the question at issue beyond all reasonable doubt, and that every doubt must be resolved against the defendant (Hussey v. Whitely, 2 Fish. Pat. Cas. 127; Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678; Edison Electric Light Co. v. Electric Manuf'g Co., 57 Fed. 618); the other class contending that such a measure of proof cannot always be satisfactorily obtained, that it is harsh, severe, and unreasonable, and that the correct rule is that complainant, in order to obtain an injunction, must show a clear right in support of the writ, and that any defense which puts the case in doubt should be deemed sufficient to defeat the application (American N. Pave. Co. v. City of Elizabeth, Fed. Cas. No. 312, p. 708, 4 Fish. Pat. Cas. 189; Bailey W. M. Co. v. Adams, 3 Ban. & A. 96, Fed. Cas. No. 752; Cary v. Spring Bed. Co, 26 Fed. 38; Lockwood v. Faber, 27 Fed. 63; Hat Pouncing Mach. Co. v. Hedden, 29 Fed. 147; Edison Electric Light Co. v. Columbia Incandescent Lamp Co., 56 Fed. 496).

The rule last stated would commend itself favorably to my mind if limited to cases where there has been no final decision by the court of last resort; but it is very questionable, to say the least, if it is not too favorable for the defendants in cases where complainant's patent has been construed and declared valid by the circuit court of appeals. There is always a strong presumption in such cases that the defense against the patent was strengthened by all the evidence at that time attainable that was deemed material to the case. Suits upon patents should not be tried by piecemeal, and a different construction given to a patent for the simple reason that additional and new evidence is given which raises in the mind of the court a mere doubt as to whether such evidence, if it had been produced at the former trial, might not have changed the result. On the other hand, it may be that the other rule goes to an extreme upon the other side of the question. Proof beyond a reasonable doubt must in its very nature be positively of a convincing and conclusive character, leaving no room whatever for any controversy upon the subject. This, if strictly adhered to, would result in the granting of injunctions in all cases where the validity of a patent has been sustained in any case in the supreme court of the United States, or the circuit court of appeals for the circuit, although the new evidence might be of such a strong character as to raise a reasonable doubt in the mind of the court as to its validity to the full extent of the construction given to the patent by the appellate court. And this is virtually the contention of complainants herein. The cases of Edison Electric Light Co. v. Philadelphia Trust, Safe-Deposit & Ins. Co. (recently decided in the third circuit) 60 Fed. 397, are cited in support of the view that, where the circuit court of appeals has sustained a patent, its decision will be regarded as conclusive on a motion for a preliminary injunction. While the beaten path of precedent is undoubtedly the safest road for nisi prius courts to follow, a blind adherence thereto, without considering the changed facts, would often lead to great injustice, which it should be the aim of every court to avoid.

A safe, just, and equitable rule would be to require the defendant,

in such cases, to produce new evidence of such a clear and positive character as to justify a well-founded belief that upon the final hearing the full proofs might be such as to warrant a different construction of complainant's patent from that given to it in the circuit court of appeals. This rule is not in opposition to the views expressed by Acheson, J., in the Edison Cases, last cited, for there was no new evidence before him, and all that he said upon this subject was in reply to the suggestion that he should deny the injunction because Hallett, J., in the eighth circuit, had refused to do so upon new evidence that had been presented to him. Neither is it opposed to the cases of American Middlings Purifier Co. v. Christian, 3 Ban. & A. 42, Fed. Cas. No. 307, or American Middlings Purifier Co. v. Atlantic Milling Co., 3 Ban. & A. 168, Fed. Cas. No. 305, cited by complainant, but, on the contrary, is in line therewith. Mr. Justice Miller delivered the opinion in both of these cases, and in the latter case, referring to complainant's patent, said:

"The patents have been found to be valid by the judgment of the supreme court of the United States at its last term, in the case of Cochrane v. Deener [94 U. S. 780], and a copy of the record of that case is produced as evidence in this case; and while it is conceded that the judgment in that suit is not an estoppel as to the defendants in this, because they were not parties to the former, it is not denied that it is conclusive on this court as to the principles which it decides, and raises a prima facie presumption of the validity of those patents, which requires clear and satisfactory proof to the contrary before it can be rebutted."

The merits of this suit will not at present be discussed. It is enough to say that after a full and careful examination of the facts I have arrived at the conclusion that, although the new evidence presented is not of such a conclusive, positive, or satisfactory character as to warrant the statement that, if it had been presented in the former suit, it would necessarily have changed the result as to the construction given to the Norton patent by the circuit court of appeals in Norton v. Jensen, it is deemed sufficient under all the facts and circumstances of this case, and the condition of the litigation respecting the Norton patent, to justify the court in modifying the order heretofore made upon such terms as will, in accordance with the views expressed by Mr. Justice Miller in the Middlings Purifier Cases, fully protect both parties in their respective rights.

The motion for dismissal of the injunction will be denied unless the defendant shall, within five days, give a good and sufficient bond in the sum of $25,000, to be approved by this court, conditioned for the payment of any damages or costs which complainants may finally recover in this suit, and, further, that it will well and truly keep an accurate account of the amount of cans manufactured by it in using can-heading machines which are constructed substantially in accordance with specification and drawings of letters patent No. 460,624, which were granted April 21, 1891, to Charles B. Kendall, and make a full and correct report thereof to this court every three months, or whenever so requested or ordered by the court so to do. If such bond be so given, then the injunction heretofore issued herein will be dissolved; otherwise, to remain in full force.