## BOWERS v. PACIFIC COAST DREDGING & RECLAMATION CO. et al.

### (Circuit Court, N. D. California. June 7, 1897.)

1. PATENTS—PRELIMINARY INJUNCTION—PRIOR ADJUDICATION.
   A preliminary injunction will be granted upon a patent which has been repeatedly sustained, after long, arduous, and expensive litigation, if infringement is shown, unless defendants produce new evidence of invalidity of such a conclusive character that, if introduced in the former cases, it would probably have led to a different conclusion. The burden of establishing this rests on the defendant, and every reasonable doubt will be resolved against him.

2. SAME—DREDGING MACHINES.
   The Bowers patent, No. 318,859, for a dredging machine, *held* valid and infringed, on motion for preliminary injunction.

This was a bill in equity for infringement of letters patent No. 318,859 and No. 318,860. Motion for a preliminary injunction.

John H. Miller, for complainant.
R. Percy Wright, for defendants.

MORROW, Circuit Judge. This is a bill in equity brought by A. B. Bowers against the Pacific Coast Dredging & Reclamation Company and John Hackett, to restrain the defendants, their agents and employés, from infringing United States letters patent No. 318,859 and No. 318,860, granted in 1885 to the complainant, Alphonzo B. Bowers, for certain inventions, respectively, in a dredging machine, and in the art of dredging. It is objected on the part of the defendants that complainant's patents, alleged to have been infringed, have been anticipated by prior devices, and evidence in support of that contention has been introduced. The motion is directed chiefly to letters patent No. 318,859, which will be found fully and clearly described in the opinion of Judge McKenna in the case of Bowers v. Von Schmidt, 63 Fed. 572. The complainant, in his affidavit for a preliminary injunction, deposes, among other things, that a certain dredging ma-

chine operated by the defendants is "a direct and palpable infringement upon claims 2, 9, 11, 12, 16, 22, and 26 of letters patent No. 318,859, sued on in this case." The motion is, however, directed specifically against the infringement of claim 16, which is as follows:

"A dredge boat and oscillating section of a conduit discharge flexibly joined to a nonoscillating section, to allow said boat to feed forward, and said oscillating section to swing upon the flexible joint connecting said oscillating and nonoscillating sections."

The validity of letters patent No. 318,859 has been heretofore adjudicated upon. Bowers v. Von Schmidt, 63 Fed. 572, affirmed, on appeal, 25 C. C. A. 323, 80 Fed. 121; Bowers Dredging Co. v. New York Dredging Co., 77 Fed. 980. The rule of law which applies to the issuance of a preliminary injunction where the validity of a patent has been repeatedly sustained by prior adjudications, and especially after a long, arduous, and expensive litigation, is that the only question open in a subsequent suit against another defendant is that of infringement. The consideration of other defenses is postponed to the final hearing. Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., 54 Fed. 678, and cases there cited. The only exception to this general rule appears to be where the new evidence is of such conclusive character that, if it had been introduced in the former case, it probably would have led to a different conclusion. But the burden of establishing this rests on the defendant, and every reasonable doubt must be resolved against him. Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co., supra, and cases there cited. See, also, Edison Electric Light Co. v. Electric Manuf'g Co., 57 Fed. 616, affirmed, on appeal, 10 C. C. A. 106, 61 Fed. 834. The same rule has been followed in this circuit. Norton v. Can Co., 57 Fed. 929; Earl v. Southern Pac. Co., 75 Fed. 609.

Such being the rule on motions for preliminary injunctions, we next inquire whether the evidence produced by the defendants is sufficient to come within the exception. The new evidence upon which the defendants rely is, substantially, that certain prior patents now offered in evidence either anticipate the Bowers patents, or so far modify them by construction that there is no infringement on the part of the defendants. The chief devices which, it is claimed, anticipate the Bowers patents, are: (1) The English patent of Schwartzkopff, No. 350, of 1856; (2) the English patent of Bodmer, No. 907, of 1858; and the American patent of Atkinson, No. 38,544, of 1863. It is contended that they anticipate the Bowers patents, and particularly claim 16 of patent No. 318,859, heretofore described. The evidence produced to support this contention does not convince me that the devices claimed to have been anticipatory of complainant's patents were, in fact, such. It would serve no useful purpose to enter into a minute discussion upon the subject. The time of the court will not permit, and it can be reserved just as well until the case is determined upon a complete and final hearing. The burden of proof is upon the defendants to establish the fact of anticipation beyond a reasonable doubt.

As was well said by Judge Jenkins in Electric Manuf'g Co. v. Edison Electric Light Co., 10 C. C. A. 106, 61 Fed. 834:

"When the patent has been strenuously contested, and its validity determined by a competent tribunal, we think a strong presumption arises in favor of the patent, which imposes upon the contestant the burden of attack. Of course, such prior adjudication does not conclude the question of right, even as to the defenses passed upon, except as between the parties and privies. Such a judgment is not within the principle of res adjudicata. It is effective, however, to impress upon the patent such additional presumption of validity that demands of a contestant a quantum and force of evidence, beyond that passed upon in prior adjudication, sufficient to convince the court of the probability that, had such further evidence been presented and considered upon the former hearing, a different result would have been reached. In other words, in such a case the patentee may rightfully rest upon his patented right, confirmed to him by solemn adjudication of a competent judicial tribunal. He who attacks that right must overcome the legal presumption of right in the patentee."

With respect to the defense of anticipation, the same learned judge said:

"In the consideration of such new defense of anticipation, regard should be had to the rule that such a defense is an affirmative one; that the burden of proof is upon him who asserts it; and that the grant of letters patent is prima facie evidence that the patentee is the first inventor of the device described therein, and of its novelty. Coffin v. Ogden, 18 Wall. 120; Smith v. Vulcanite Co., 93 U. S. 486; Lehmbeuter v. Holthaus, 105 U. S. 94; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970; Barbed-Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 450. The propriety of this rule is enforced by the consideration that an adjudication in the case of a patent is not only a judgment inter partes, but is a judicial construction of a grant by the government, and, in a broad sense, deals with and determines the rights of the public. A patent is sui generis. By it, the public, through its authorized representatives, grants a monopoly for a term of years, in consideration of the surrender of the invention to public use upon expiration of the term. When, upon judicial contest, a competent court has sanctioned the grant, and determined the right thereunder, the monopoly thereby granted ought not to be permitted to be invaded except upon a clear showing that the decision invoked in its favor was wrong. It is true that the prior adjudication does not deal with the supposed new defense, and does not affect the merits of that defense upon final hearing; but the fact that it was not presented, especially where the existence of the claim was known to and considered by counsel, is a circumstance to be considered by the court in passing judgment upon the merits upon the hearing for an interlocutory injunction."

This reasoning is persuasive upon the court, with reference to the application of complainant for a preliminary injunction to protect his rights under his patents. I am not satisfied beyond a reasonable doubt, from the evidence thus far presented, that the various devices produced by defendants were, in fact, anticipatory of complainant's patents, and the fact that these devices were not called to the attention of the court in the Von Schmidt Case, for the reason, as stated, that in that controversy each party claimed to be the first inventor, is not, in my judgment, sufficient to justify this court in determining, at this stage of the proceedings, that the Bowers patents have been anticipated. It may be that, upon a full and final hearing upon the merits, the defendants will be able to satisfactorily explain and establish the anticipation of some of the devices for dredging introduced by them; but for the present purpose, upon this application for a preliminary injunction, I must yield to the convincing authority of the repeated adjudications upholding the validity of the Bowers patents involved in this suit. The letters patent were issued in 1885. His rights, under these patents, are therefore fast running, and will

soon expire. Manifestly, it is of the highest importance, after so much litigation, and when the adjudications have thus far been all in favor of the validity of the patents, that complainant's rights there-. under should be fully and effectually protected from further infringement. This can only be done by granting the injunction prayed for.

It is further objected that the Bowers patent is void, because it was issued on a renewal application, and was made to contain claims which were not allowed originally. The same point, however, was passed upon in the Von Schmidt Case, adversely to the contention. ·

That the defendants have infringed is satisfactorily established by the affidavits, and I so find. With reference to the use, by the defendants, of the dredging boat called the "Oakland," the same dredger was involved in the case of Bowers Dredging Co. v. New York Dredging Co., supra; and Judge Hanford, in granting the motion for a preliminary injunction, said, with respect to the infringing operations of the dredger Oakland:

"The circuit court of appeals gave to the Bowers patent a broad construction, and held machinery constructed according to the specifications of the Von Schmidt patents to be infringements. In comparing the different machines, it is very difficult for me to find infringements in the Von Schmidt machine, and not in the dredger Oakland."

The motion for a preliminary injunction will be granted, upon the complainant's giving a bond in the sum of $10,000; and it is so ordered.